IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DANA DIEHM, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Case No. 4:19-CV-956<br>JEFFERSON CAPITAL SYSTEMS, LLC, )<br>Serve at: )<br>CSC-LAWYERS INCORPORATING SERVICE )<br>221 Bolivar )<br>Jefferson City, MO 65101 ) <u>Jury Demanded</u><br>)<br>Defendant. ) | |

## **<u>COMPLAINT SEEKING DAMAGES FOR VIOLATIONS OF<br>THE FAIR DEBT COLLECTION PRACTICES ACT</u>**

### **Introduction**

1. This is an action for statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. <u>Id.</u>

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. <u>Id.</u>

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." <u>Donahue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. <u>Taylor v. Perrin, Landry, deLaunay, & Durand</u>, 103 F.3d 1232, 1238 (5th Cir. 1997).

**Jurisdiction**

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

**Venue**

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. Plaintiff resides in this Judicial District.

9. Defendant transacts business in this Judicial District.

**Standing**

10. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

11. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and violations of the FDCPA.

12. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. <u>Spokeo, Inc, v. Robins</u>, 136 S. Ct. 1540, 1544 (2016), quoting <u>Lujan v. Defenders of Wildlife,</u> 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.)

**Parties**

13. Plaintiff Dana Diehm ("Plaintiff"), is a natural person who resides in Lexington, Lafayette County, Missouri.

14. Plaintiff is a "consumer" as that term is defined by § 1692a.

15. Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

16. The Defendant, Jefferson Capital Systems, LLC ("Defendant"), is a Georgia limited liability company that maintains a registered office and registered agent in the State of Missouri, and that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. (Exhibit A, Record From Missouri Secretary of State).

17. The principal purpose of Defendant is debt collection.

18. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

19. Defendant is engaged in the business of a collection agency, using the mails and/or telephone to collect consumer debts.

**20.** Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the states of Missouri and Kansas.

## FACTUAL ALLEGATIONS

21. Plaintiff incurred an alleged debt that was primarily for personal, family or household purposes as defined by § 1692a(5).

22. Plaintiff incurred the alleged debt while living in Wyandotte County, KS. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

23. Defendant was subsequently retained, hired or otherwise assigned the alleged debt for collection.

24. Plaintiff disputes the debt.

25. Plaintiff requests that Defendant cease all further communication on the debt.

26. On or about October 29, 2019, Defendant electronically filed a lawsuit against Plaintiff in the District Court of Johnson County, KS. (Exhibit B, Defendant's Lawsuit).

27. Plaintiff resides, and has at all times relevant hereto, in Lexington, Lafayette County, Missouri, at 1155 Polge Ln., Duplex 4A, Lexington, MO 64067.

28. The summons in Defendant's Lawsuit lists the address of service as 7227 Nieman Rd., Shawnee, KS 66203-4483.

29. Plaintiff neither resides in Johnson County, Kansas, nor did she sign the contract for the alleged debt while living in Johnson County, Kansas.

30. 15 U.S.C. § 1692i of the FDCPA provides as follows:

> **(a) Venue: Any debt collector who brings any legal action on a debt against any consumer shall –**
>
> **. . . (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity –**
>
> > **(A) in which such consumer signed the contract sued upon; or**
> >
> > **(B) in which such consumer resides at the commencement of the action.**

31. Defendant brought this action in the wrong venue, as Plaintiff neither resides in Johnson County, Kansas, nor was the contract being sued upon signed in Johnson County, Kansas.

32. Courts interpreting 15 U.S.C. § 1692i(a)(2)(B) of the FDCPA have held a debt collector who failed to bring an action in the judicial district where the debtor resided or had signed the promissory note, violated § 1692i. Addison v. Braud, 105 F.3d 223 (5th Cir. 1997).

33. The purpose of this provision of the FDCPA is to prevent the filing of debt collection actions in locations inconvenient to the debtor. Blakemore v. Pekay, 895 F.Supp. 972, 978 (N.D. Ill. 1995).

34. This unfair practice of "forum shopping" was one of the major abusive practices Congress was concerned about eliminating at the time this provision was adopted. S. Rep. No. 95-382, at 5 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699.

35. Defendant's acts, as described above, were done intentionally with the purpose of obtaining a default judgment.

36. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000).

37. The FDCPA is a remedial statute that "should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges the above as if set forth fully in this count.

39. Defendant violated the FDCPA pursuant to 15 U.S.C. §§ 1692i(a)(2) and 1692i(a)(2)(B), when it filed its collection action against Plaintiff in the wrong venue.

40. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages up to $1,000.00, attorney fees, and costs.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

a. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

b. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

by:/s/ Ryan M. Callahan
Ryan Callahan, MO 62666
*Callahan Law Firm, LLC*
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
ryan@callahanlawkc.com
Attorney for Plaintiff

By: /s/ James R. Crump
James R. Crump, MO 65514
*Callahan Law Firm, LLC*
222 W. Gregory Blvd., Suite 210
Kansas City, MO 64114-1138
Ph: 816-822-4041
james@callahanlawkc.com
Attorney for Plaintiff